**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 21-4609**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARQUIS LAMAR GAINES,

Defendant -Appellant.

─────────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:20-cr-00054-RJC-DSC-1)

─────────────

Submitted:  August 30, 2022                      Decided:  June 20, 2023

─────────────

Before GREGORY, Chief Judge, NIEMEYER, Circuit Judge, and FLOYD, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:** Jeffrey William Gillette, GILLETTE LAW FIRM, PLLC, Franklin, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marquis Lamar Gaines seeks to appeal his sentence of 120 months' imprisonment following his guilty plea to possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). On appeal, Gaines' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but contending that trial counsel pressured Gaines to accept an unfavorable plea agreement and rendered ineffective assistance. Gaines was notified of his right to file a pro se supplemental brief, but he has not done so.

Because Gaines did not move to withdraw his plea or otherwise object to the plea hearing in the district court, we review his guilty plea for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). "Under the plain error standard, we will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted).

When accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and ensures that the defendant understands, the rights he is relinquishing by pleading guilty, the nature of the charge to which he is pleading, and the possible consequences of pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the plea is voluntary and not the result of threats, force, or promises extrinsic to the plea agreement and that a factual basis exists for the plea. Fed. R. Crim. P. 11(b)(2), (3). "[A] properly

2

conducted Rule 11 plea colloquy raises a strong presumption that the plea is final and binding." *United States v. Walker*, 934 F.3d 375, 377 n.1 (4th Cir. 2019) (internal quotation marks omitted). We have thoroughly reviewed the record and find that the magistrate judge substantially complied with the requirements of Rule 11. We thus conclude Gaines' guilty plea was voluntary and knowing, and is therefore valid.

Unless the record conclusively establishes that counsel rendered ineffective assistance, such claims are not cognizable on direct appeal. *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). Because the present record does not conclusively establish that counsel rendered ineffective assistance, we decline to address these claims on direct appeal. Thus, Gaines' arguments are more appropriately raised, if at all, in a 28 U.S.C. § 2255 motion. *United States v. Jordan*, 952 F.3d 160, 163 n.1 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1051 (2021). We express no opinion as to the merits of Gaines' ineffective assistance of counsel claims.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the judgment. This court requires that counsel inform Gaines, in writing, of the right to petition the Supreme Court of the United States for further review. If Gaines requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gaines.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*